Cabell, J.
concurred in the opinion that the judgment should be affirmed.
Tucker, P.
The omission in the special verdict to find expressly on what day the deed of trust was recorded, being obviated by the certificate of the clerk endorsed on the deed, which shews-that it was recorded on the day of its date, all other difficulties in the case are easily got over.
Thus, there is nothing, I think, in the position that the provision for support and maintenance constituted *183 a condition, for the breach of which the grantor might reenter. It was a charge, not a condition. It was a declaration of a beneficial interest or a trust, which might be enforced in equity, but which was perfectly consistent with the existence of the fee in the grantee. The distinction is well understood between a declaration of use and a condition. A feoffment, ea intentions, does not make a condition, unless an express reentry be limited. It creates a trust or confidence, which may be enforced in equity. 1 Bac. Abr. 631. If it were a condition, the reentry for breach of it would defeat the estate, and with it the charge or beneficial interest. Thus, in the case before us, the land is made subject to the support of the grantor and his sister. She, accordingly, instantly acquired a beneficial interest, which she might have enforced by bill in equity. But if the provision is a condition, then, for the breach, the grantor might reenter, defeat the estate, reinvest himself with his original title, and annihilate the vested interest which had been by his own solemn act conferred upon 'Elizabeth his sister. This cannot be, unless the grantor had expressly reserved the right to reenter, upon failure of the grantee to fulfil the purposes of the grant.
The second position of the counsel is not more tenable. The deed of trust was no violation of the provisions of the grant. It was in subordination to them, and the creditor, and all persons claiming under his deed of trust, took subject to the charge or incumbrance created for the support of the grantor and his , sister. And. even were it otherwise, the legal title passed by the deed, and the remedy was only in equity. Taylor v. King, 6 Munf. 358. Harris v. Harris, 6 Munf. 367.
The next objection is that the deed of Asa Everett the trustee was inoperative, by reason of the adverse possession of the defendant. The fallacy of this position is obvious. John Pownai senior had conveyed to his *184 nephew, subject to a charge declared upon the face of the deed. The nephew, thus invested with the fee, incumbers it with a deed of trust, which is of course subordinate to the prior charge. He then reconveys to John Pownal senior, who, having constructive notice of the trust, takes subject to it. He then conveys the estate, thus subject to the trust, to John J. Pownal the defendant, who in like manner takes subject to the trust. The trustee entered and sold without objection, and when he so entered, the possession must be adjudged to have been in him. Hob. 322. Litt. § 701. The possession of the defendant could not be adverse. He was but the purchaser of the equity of redemption. He had purchased with notice of the trust, and therefore subject to it. The possession of his grantor was the possession of the trustee, as they stood in the relation of mortgagor and mortgagee. He must therefore be taken to hold the possession, as his grantor held it, for the mortgagee. Having but an equity, he will not be taken to hold adversely without some tortious act, and none such appears. His possession was consistent with the creditor’s title. I am aware of no case in which it has been held that the right of a creditor by deed of trust to enforce his lien by sale, has been defeated by a conveyance to a purchaser of the equity of redemption, with full notice of the previous trust. On this ground, I am of opinion that the deed of the trustee was operative and valid; and I prefer to rest the case on this principle, without resorting to others upon which it might be sustained. It may be remarked, however, that as the jury have not expressly found an adverse possession, the court cannot infer it. Taylor v. Horde, 1 Burr. 113. Hall v. Hall, 3 Munf. 536. To presume it, would be to presume, without evidence, that the defendant had committed a wrong; and this too for the purpose of defeating the legitimate exercise, by the lawful owner, of that most essential right of *185 property, the power of alienation. The utmost strictness in the finding should always be required of him who desires to defeat his adversary’s just rights, merely by proof of his own tort. See Wheaton’s Selw. N. P. 553.
I am of opinion to affirm the judgment.
Judgment affirmed.